GOLDBERG, J.,
dissenting.
I respectfully dissent. When the respondent appeared before this Court it was disclosed — apparently for the first time — that throughout the period of time she has been removed from the Master Roll of Attorneys, including now, the respondent has been employed as staff counsel in the Office of Legislative Counsel at the Rhode Island General Assembly. Upon further inquiry, this Court was advised by Disciplinary Counsel of the following:
“Whether the title is staff counsel or legal counsel, there is certainly an implication that the person holding the position is an attorney. While there is no written job description, it can be presumed that only attorneys are hired for these part-time positions. Ms. Napolita-no was duly licensed when first hired at Legislative Counsel, but it is not clear that maintaining active status is a prerequisite for holding such a position.”
Because this position was not disclosed to Disciplinary Counsel or the Disciplinary Board, it is my belief that further inquiry into whether the respondent’s continued employment after she was removed from the rolls is warranted. A serious question remains as to whether the respondent continued to act as an attorney while she was no longer eligible to practice law in this state, and, whether her failure to disclose this employment constitutes another violation of the disciplinary rules.
Furthermore, the fact that there is no job description for the position of legal counsel is of no moment to whether this matter should be referred back to the Disciplinary Board for further inquiry. The position of legal counsel or staff counsel clearly signifies to this Justice and the public that the respondent has been employed in the capacity of an attorney throughout these proceedings, notwithstanding that she is not authorized to do so. Consequently, I dissent.